1
2
3
4           UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   JENNIFER KRIVANEK,                    Case No.  15-cv-02466-HSG
            Plaintiff,
8                                         ORDER GRANTING PLAINTIFF'S
        v.                                MOTION TO REMAND AND DENYING
9                                         DEFENDANTS' MOTION FOR
    HUNTSWORTH GROUP LLC, et al.,         JUDGMENT ON THE PLEADINGS
10
            Defendants.                   Re: Dkt. Nos. 13, 15, 21
11
12
13          Pending before the Court are Plaintiff Jennifer Krivanek's motion to remand and

14   Defendants Grayling Communications Inc., Atomic Communications LLC, Huntsworth Group

15   LLC, and Alison Schwartz's motion for judgment on the pleadings.  For the reasons articulated

16   below, Plaintiff's motion is GRANTED and Defendants' motion is DENIED WITHOUT

17   PREJUDICE.

18   **I.    BACKGROUND**

19          Plaintiff filed this action in San Francisco County Superior Court on April 3, 2015.  Dkt.

20   No. 1, Ex. A.  On April 22, 2015, Plaintiff filed her first amended complaint ("FAC").  Dkt. No. 1,

21   Ex. B.  For the purposes of determining diversity jurisdiction, Plaintiff and Defendant Schwartz

22   are both citizens of California, while Defendants Grayling Communications Inc., Atomic

23   Communications LLC, and Huntsworth Group LLC are not citizens of California.  *See* FAC ¶ 4;

24   Dkt. No. 1 ¶¶ 7-17.

25          In the FAC, Plaintiff alleges a variety of claims relating to her employment termination.

26   At the time of her termination, Plaintiff allegedly served as the "U.S. Head of Human Resources"

27   at Defendant Grayling Communications Inc.  FAC ¶ 10.  Of most relevance to the pending

28   motions are Plaintiff's seventh cause of action for defamation and eighth cause of action for

United States District Court
Northern District of California

United States District Court
Northern District of California

1   intentional infliction of emotional distress, FAC ¶¶ 57-77, which are the only claims asserted

2   against Defendant Schwartz.  In support of her claim for defamation, Plaintiff alleges the

3   following:

> In or around May 2014, GRAYLING hired SCHWARTZ as managing director of its San Francisco office. . . . KRIVANEK became aware that SCHWARTZ was making false, negative comments about her to other GRAYLING employees both verbally and in writing.  SCHWARTZ repeatedly falsely accused KRIVANEK of not performing her job duties in a competent manner and suggested that KRIVANEK was not competent to perform her job duties.  SCHWARTZ also falsely accused KRIVANEK of engaging in unprofessional conduct in the workplace with third parties.  SCHWARTZ further falsely accused KRIVANEK of bullying and beating up her subordinate employees. . . . SCHWARTZ also sent KRIVANEK a series of emails containing harsh criticism and accusations.  In one string of emails, she accused KRIVANEK of neglecting to follow up on an ergonomics evaluation that had been done the previous year, even though many of the issues that were the subject of the evaluation had become moot as a result of the merger.  SCHWARTZ continued to criticize KRIVANEK in the presence of other employees and GRAYLING management, saying things like "the company is shit because of HR."

FAC ¶¶ 12-14.

Plaintiff further alleges that the above allegations describe a series of "defamatory

publications [that] consisted of oral and written, knowingly false and unprivileged

communications, tending directly to injury Plaintiff and Plaintiff's personal, business, and

professional reputation."  *Id.* ¶ 61.  Moreover, Plaintiff alleges that Defendants made the asserted

defamatory publications "maliciously . . . with the wrongful intention of injuring Plaintiff, for an

improper and evil motive amounting to malice."  *Id.* ¶ 70.

In support of her claim for intentional infliction of emotional distress, Plaintiff alleges that

"[t]hrough the outrageous conduct described above, Defendants acted with the intent to cause, and

with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress."

*Id.* ¶ 74.

## II.   DISCUSSION

In the present motions, Plaintiff contends that this Court has no jurisdiction to rule on

Defendants' motion because the requirements of diversity jurisdiction are not satisfied, and that

2

United States District Court
Northern District of California

the action must therefore be remanded to state court.  Defendants argue that remand is inappropriate because Defendant Schwartz was fraudulently joined in order to defeat diversity jurisdiction.

### A.    Motion to Remand

#### 1.   Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court.  28 U.S.C. § 1441(a).  The Ninth Circuit has held that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Because of this "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

28 U.S.C. § 1332(a)(1) provides federal jurisdiction over cases in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation marks omitted).  There is a presumption against finding fraudulent joinder, and defendants "carry a heavy burden of persuasion" in order to prevail. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  When resolving claims of fraudulent joinder, the Court may consider evidence outside of the pleadings. *See Morris*, 236 F.3d at 1068.

District courts in this circuit have further elaborated upon the standard for fraudulent joinder.  Specifically, "a district court assessing fraudulent joinder examines whether there is any possibility that plaintiff will be able to establish a cause of action against the allegedly non-diverse party." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003).  Moreover, "[a]ll

doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Archuleta v. Am. Airlines, Inc.*, No. 00-cv-01286-MMM, 2000 WL 656808, at *4 (C.D. Cal. 2000) (internal citations omitted).  In sum, "[a] defendant will be deemed fraudulently joined only if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, plaintiff could not recover against the non-diverse party." *Calero*, 271 F. Supp. 2d at 1176 (internal quotation marks omitted).

### 2.  Fraudulent Misjoinder

Defendants first contend that Defendant Schwartz was fraudulently "misjoined" because she "had ***nothing*** to do with the decision to terminate Plaintiff's employment." Dkt. No. 18 ("Def. Opp.") at 1 (emphasis in original).  The Ninth Circuit has not recognized the theory of "fraudulent misjoinder," and the Court declines to apply it here.  *See Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) ("Defendants seem to be relying on the theory that emerged from *Tapscott v. MS Dealer Service Corp.*, in which the Eleventh Circuit ruled that claims could be considered fraudulently joined when they are misjoined. . . . The Ninth Circuit has not found occasion to address *Tapscott*, and no other circuit has adopted its rationale."); *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004) (declining to apply fraudulent misjoinder theory and concluding "that the better rule would require [Defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court").[1]

### 3.  Fraudulent Joinder

Defendants do not dispute that Defendant Schwartz and Plaintiff are both citizens of California for jurisdictional purposes.  As a result, there is not complete diversity between the parties.  However, Defendants contend that the fraudulent joinder exception to complete diversity is satisfied here with respect to Plaintiff's claims against Defendant Schwartz for defamation and

---

[1] The Court further notes that, based on the allegations in the complaint, Defendant Schwartz's allegedly defamatory statements occasioned Plaintiff's medical leave, on which her termination was ultimately based, and therefore appear directly related to Plaintiff's unlawful termination claim.  *See* FAC ¶¶ 14-19.

United States District Court
Northern District of California

intentional infliction of emotional distress.

### i. Defamation

To state a claim for defamation under California law, a plaintiff must allege "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).  A false publication is one that expresses provable facts, not merely opinions.  *See Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 604 (1976).

"Defamation is effected by either . . . libel [or] slander."  Cal. Civ. Code § 44.  "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation . . . , which exposes any person to hatred, contempt, ridicule, or obloquy, . . . or which has a tendency to injure him in his occupation."  *Id.* § 45.  "Slander is a false and unprivileged publication, orally uttered, . . . which," among other things, "[t]ends directly to injure [a person] in respect to his office, profession, trade or business."  *Id.* § 46.

In an action for libel, "[t]he general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint."  *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (1991).  But in an action for slander "it may be sufficient for the plaintiff to simply allege the substance of the statement."  *Charlson v. DHR Int'l Inc.*, No. 14-cv-03041-PJH, 2014 WL 4808851, at *6 (N.D. Cal. Sept. 26, 2014).

Defendants argue that all of the statements allegedly made by Defendant Schwartz are privileged and therefore cannot be defamatory.  California Civil Code § 47(c) creates a qualified privilege for a publication that is made:

> In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person to give the information.  This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant.

The privilege applies "to communications by one employee of the defendant to another

employee of the defendant where the statement is made without malice." *Abiola v. ESA Mgmt., LLC*, No. 13-cv-03496-JCS, 2014 WL 988928, at *9 (N.D. Cal. Mar. 3, 2014).

Plaintiff argues that the allegedly defamatory publications were made with malice and are therefore unprivileged.[2]  *See* Cal. Civ. Code § 47(c).  While Defendants agree with the general principle that allegations of malice defeat the privilege, Defendants argue that Plaintiff has not sufficiently alleged malice in the FAC.  Defendants further assert that there are a number of other technical problems with the pleading of Plaintiff's defamation claim against Defendant Schwartz, namely: (1) failure to allege who made or heard the alleged statements; (2) failure to allege when the alleged statements were made; and (3) failure to adequately allege the substance of the alleged statements.  Defendants also argue that the only specifically alleged statement in the FAC is not provably false.

While the Court agrees that Defendant Schwartz's statement that "the company is shit because of HR," FAC ¶ 14, is likely not provably false because it is an opinion incapable of objective measurement, the Court finds that Defendants have not carried their burden to demonstrate that there is *no possibility* that Plaintiff will be able to establish a cause of action for defamation against Defendant Schwartz.  Defendants' arguments go to "inartful, ambiguous, or technically defective pleading" and therefore are not sufficient to show fraudulent joinder. *Archuleta*, 2000 WL 656808, at *4.  These pleading problems are better dealt with by the state court on remand.  Should the claims against non-diverse Defendant Schwartz thereafter be dismissed, Defendants may again seek to remove the case to this Court pursuant to 28 U.S.C. § 1332(a)(1).

### ii.   Intentional Infliction of Emotional Distress

The parties agree that Plaintiff's claim for intentional infliction of emotional distress against Defendant Schwartz is entirely derivative of her defamation claim.  *See* Dkt. No. 15 ("Pl.

---

[2] Plaintiff also argues that the allegedly defamatory statements "are not privileged because they were not reasonably calculated to further a common interest."  Dkt. No. 20 ("Pl. Reply") at 1. However, because Plaintiff raises this argument for the first time in her reply brief, the Court does not consider it.  *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.").  Accordingly, Defendants' motion for leave to file a sur-reply is DENIED AS MOOT.  *See* Dkt. No. 21.

United States District Court
Northern District of California

Mot.") at 12-13; Def. Opp. at 13.  Accordingly, the Court finds that this claim is also not fraudulently joined for the same reasons articulated above in relation to Plaintiff's defamation claim.

### 4.  Costs

Plaintiff requests an award of costs, including attorney's fees, if the Court grants her motion to remand.  Under the applicable statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  A district court has broad discretion under this provision.  *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

The Court finds that an award of costs and fees is not warranted in this case, given that the removal was based on a reasonable and supported interpretation of unsettled California law. Therefore, Plaintiff's request for costs and fees is DENIED.

### B.    Motion For Judgment On The Pleadings

As described above, Defendant Schwartz was not fraudulently joined.  Therefore, because complete diversity is lacking, this Court does not have subject matter jurisdiction over this action. Accordingly, the Court lacks jurisdiction to resolve Defendants' motion for judgment on the pleadings and denies the motion without prejudice.

## III.    CONCLUSION

For the foregoing reasons, the court hereby GRANTS Plaintiff's motion to remand and DENIES WITHOUT PREJUDICE Defendants' motion for judgment on the pleadings.  It is ORDERED that this case is remanded under 28 U.S.C. § 1447(c) to the Superior Court of the City and County of San Francisco.  The Clerk of this Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court and close this case displaying all pending motions as resolved.

**IT IS SO ORDERED.**

Dated: September 9, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

7